Resnick Seaport, LLC v Xenopoulos (2022 NY Slip Op 00520)





Resnick Seaport, LLC v Xenopoulos


2022 NY Slip Op 00520


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 158182/19 Appeal No. 15161 Case No. 2021-00041 

[*1]Resnick Seaport, LLC, Plaintiff-Appellant,
v
Peter Xenopoulos, Defendant-Respondent.


Rivkin Radler LLP, Uniondale (Henry Mascia of counsel), for appellant.
Kucker Marino Winiarsky & Bittens, LLP, New York (Nativ Winiarsky of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 15, 2020, which, to the extent appealed from, denied plaintiff's motion for summary judgment on its cause of action for breach of a commercial lease guaranty, unanimously affirmed, without costs.
Plaintiff landlord failed to establish prima facie that it had not agreed to accept a reduced rent from its tenant. It is undisputed that the parties to the lease did not formally execute the amendment to the lease reducing the rent, and that plaintiff, in disseminating drafts of the lease amendment, stated, in boilerplate language, that the draft amendment would not be binding until "fully executed and delivered." Nevertheless, the parties' emails raise an issue of fact as to whether they created, through these emails and the draft amendment, a written modification of the lease that satisfies the statute of frauds (see e.g., Bistro Shop LLC v N.Y. Park N. Salem, Inc., 175 AD3d 1181, 1181-1182 [1st Dept 2019]). Notably, while plaintiff contends that the parties were still negotiating terms of the lease modification, it does not identify any unresolved material term, and the tenant performed under the proposed modified lease terms for a number of months.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022